UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION
FILED
September 13, 2007
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

JAMES LEE VERDINE, )
    Petitioner, )
)
v. ) 7:04-CV-171-R
)
NATHANIEL QUARTERMAN,[1] Director, )
Texas Department of Criminal Justice, )
Correctional Institutions Division, )
    Respondent. )

## MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas.

Petitioner seeks to challenge the validity of disciplinary action no. 20040272767 which was taken against him at the Allred Unit. *Petition ¶ 17.* As a result of the disciplinary case, he lost 214 days of previously earned good time credits, his custodial classification level was reduced, he was placed on 45 days of recreation, commissary and property restrictions and he was held in solitary confinement for 15 days. *Id. at ¶ 18.* In support of his petition, Verdine presents the following grounds for relief:

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption of this case is being changed pursuant to Fed. R. Civ. P. 25(d).

> 1. the hearing officer refused Petitioner's request for witnesses without providing a written explanation;
>
> 2. the hearing officer denied Petitioner's request to question the charging officer, and;
>
> 3. a clerical error was made concerning the name of the charging officer thereby denying Petitioner the right to prepare a defense;

*Petition ¶¶ 20.A-C.*

The due process rights of prisoners are generally limited to freedom from restraint which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Restrictions which merely alter the conditions of confinement do not implicate due process. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (commissary and cell restrictions); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (same). A prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Malchi*, 211 F.3d at 957-58; *see also Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.) (finding that Texas prisoners have no protected liberty interest in early release on parole), *cert. denied*, 501 U.S. 1210, 111 S.Ct. 2809 (1991).

When a prisoner has a protected liberty interest in the loss of accrued good time credits, the revocation of such credits must comply with minimal procedural due process. *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *see Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975 (1974) (holding that prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"). These minimal requirements are: (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the opportunity to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or

correctional goals; and (3) a written statement of the hearing officer as to the evidence relied upon and the reasons for any disciplinary action taken. *Wolff*, 418 U.S. at 563-68, 94 S.Ct. at 2978-80. The second requirement under *Wolff* is limited in that confrontation and cross-examination of witnesses is not constitutionally required, *id.* at 567-68, 94 S.Ct. at 2980; *Wade v. Farley*, 869 F.Supp. 1365, 1375 (N.D. Ind. 1994), and prison officials may, at their discretion, limit the number of witnesses called without offering an explanation to the prisoner. *Wolff*, 418 U.S. at 563-68, 94 S.Ct. at 2978-80. In addition to the due process safeguards outlined above, the Fifth Circuit Court of Appeals has held that it is a due process violation to punish a prisoner for conduct that he could not have known was prohibited. *Reeves v. Pettcox*, 19 F.3d 1060, 1061 (5th Cir. 1994); *Adams v. Gunnell*, 729 F.2d 362, 369-70 (5th Cir. 1984).

The Court initially observes that a reduction in custodial classification and temporary restrictions on privileges as a result of a prison disciplinary action do not implicate due process concerns. *See Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768. Similarly, temporary solitary confinement is not constitutionally infirm. However, Petitioner lost previously earned good-time credits and he claims to be eligible for release to mandatory supervision. *Petition ¶¶ 16 & 18*. Therefore, it appears he has a constitutionally protected liberty interest sufficient to justify the consideration of his petition on the merits. *See Malchi*, 211 F.3d at 958-59.

In his first ground for relief, Verdine claims that the disciplinary hearing officer violated his rights by refusing to call Sgt. Jason Hardegree as a witness on Petitioner's behalf. *Petition ¶ 20.A; Petitioner's Answer to the Court's Question No. 1*. Petitioner asserts that he would have elicited testimony from Hardegree to prove that Hardegree had failed to conduct a preliminary investigation into the allegations against Petitioner. *See id.*

Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986), *cert. denied*, 479 U.S. 1030, 107 S.Ct. 873 (1987). Where the only evidence of a missing witness's testimony is provided by the habeas petitioner, federal courts view his claims with great caution. *Id.* (citing *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)). A meritorious claim of uncalled witnesses requires that a habeas petitioner show not only that the testimony would have been favorable, but also that the witness would have so testified during the proceeding. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). In the instant case, Petitioner has failed to demonstrate that Sgt. Hardegree, a prison employee, would actually have testified on his behalf. Moreover, cross-examination of such a witness is not constitutionally required. *Wolff,* 418 U.S. 567-68, 94 S.Ct. at 2980. Therefore, Verdine is not entitled to relief on this ground.

Next, Verdine alleges that the hearing officer denied him due process by refusing to allow cross-examination of the charging officer. *Petition ¶ 20.B.* As discussed earlier, confrontation and cross-examination of witnesses is not constitutionally required. Therefore, Petitioner is not entitled to relief on this ground.

In his final ground for relief, Petitioner alleges that he was denied the right to prepare a defense against his accuser due to a clerical error which was made on the disciplinary report regarding the name of the charging officer. *Petition ¶ 20.C.* He also argues that TDCJ policy was violated because, under TDCJ guidelines, a disciplinary report must include the charging officer's name. *Id.* Petitioner has failed to state a colorable ground for relief. He has not articulated facts which could demonstrate that the clerical error prohibited him from preparing a defense to the

charge against him. *See Petitioner's Answer to the Court's Question No. 4.* His conclusory allegation that the clerical error prejudiced him does not state a ground for habeas relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings). "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

Similarly, Petitioner's assertion that TDCJ guidelines were violated does not demonstrate a due process violation. It is well settled that a prison authority's failure to follow internal rules or administrative procedures does not, in itself, give rise to any issue of constitutional magnitude as long as minimum constitutional requirements are met. *E.g. Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Verdine has not shown that the alleged failures on the part of TDCJ officials resulted in any constitutional violation.

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

A copy of this order shall be transmitted to Petitioner.

SO ORDERED this 13th day of September, 2007.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE